May it please the Court, my name is Ivana Chingill. I'm an attorney at a Melvin & Myers. Along with Samuel Siegel, who is a student at the UCLA School of Law, I serve as pro bono counsel for Appellant Stephen Wilhelm. There are two questions before the Court today. Counsel, let me just mention that you have suggested an allocation of time of four minutes for you, four minutes for your co-counsel, and then two minutes for rebuttal. Yes, Your Honor. I'll try to accommodate that, but you control the time, so as you get close to four minutes, why don't you be aware. Understood. Thank you. Magistrate Judge Cohn acted without jurisdiction where he dismissed with prejudice Wilhelm's First Amendment complaint and ordered the entry of judgment in his case. Once Wilhelm filed his case in Federal Court, he had a personal right to have it adjudicated by an Article III judge. I'd like to ask you about this form that your client signed on January 17, 2010, at ER-12,  why isn't that a voluntary consent to all proceedings to be held before a magistrate judge? Your Honor, the consent order form begins by the statement that the case was randomly assigned to Magistrate Judge Gary S. Austin. And then it continues that without the written consent, the magistrate judge cannot conduct all the proceedings, and if you decline to consent, the magistrate judge will only do the ministerial things that a magistrate judge can otherwise do. So it tells you your two options. You can consent or you can decline and have only a small number of things done by the magistrate judge. And your client signed under consent. Why doesn't that end the matter? Your Honor, it does not end the matter because this case was reassigned to a different magistrate judge. It was a reassignment order issued by the district court that did not contain any kind of advice to our client that he had the right to decline consent to a magistrate judge. But, counsel, looking at the same form, the consent box says the undersigned hereby voluntarily consents to have a U.S. magistrate judge conduct all hearings. The decline box, which, of course, was not signed, says declines to consent to the U.S. magistrate judge assigned to this case. Now, isn't the consent box a broad consent to a magistrate judge, not necessarily this one? No, Your Honor. Because this form refers to Magistrate Judge Gary S. Austin specifically in bold text at the very beginning. It contains Mr. Judge Austin's signature in the signature block. Well, help me understand how I should construe the different language in the consent box and the decline box. It seems to me that if it were simple restriction to the assigned magistrate, it would have said so in both boxes. But it doesn't say so in two boxes. That is correct, Your Honor. However, the presence of the word A does not make – makes this form at most ambiguous as to whether Mr. Wilhelm consented to any magistrate judge other than Magistrate Judge Austin. Under this Court's precedent in NASCA, in Alaniz, in Hayjack, the statement of consent must be clear and ambiguous. We do not have a clear statement of consent to any magistrate judge other than Magistrate Judge Austin here. Moreover, Wilhelm did not voluntarily consent to the jurisdiction of Magistrate Judge Cohn. Section 636C2 and Rule 73 set forth the various procedural requirements the courts are required to follow when transferring a case to a magistrate judge. Well, that's transferring a case from the district judge. But I'm looking at page 24 of your brief in which you cite to the Kalin case out of the Seventh Circuit. That's correct, Your Honor. And the – in the parenthetical there, you – or in describing the case, you say that in Kalin, the parties consent to a magistrate judge's jurisdiction specified Magistrate Judge R.L. Bittner by name, parens, and you're quoting, as opposed to stating that the parties consented to proceed before a magistrate judge. Doesn't this form say a magistrate judge? It certainly does, Your Honor, but it also specifically identifies a magistrate judge by name. In that particular case, the Court was distinguishing from a form which only says a magistrate judge or any magistrate judge. That is clearly not the circumstance we have here as our form. So it's the fact that here the same form advised him that it had been randomly assigned to this magistrate. That is correct, Your Honor. Counsel, there's also the issue in my mind that when the reassignment was made, your client did not file an objection at that time but proceeded to litigate the case. How can you distinguish then Rowell versus Withrow, where the Supreme Court said that implied consent by action during litigation can demonstrate consent to the use of a magistrate judge? Why – even if you're right so far, why didn't his continuation without objection impliedly offer his additional consent to the new magistrate judge? Your Honor, under Rowell, consent can be implied only when the litigant was made aware of his – of the need for consent, of his right to decline consent, and then still voluntarily appear before the magistrate judge. The litigation conduct in this case was extremely limited. Mr. Wilhelm filed a request for additional time to file his amended complaint and then filed that amended complaint. No case has found implied consent under circumstances where litigation conduct is as limited as it is here. Counsel, you have – you're treading on your counsel's expectations here. I'm sorry, you have less than four minutes, but go ahead. Thank you. My name is Sam Siegel, and I'm a third-year law student at UCLA. Should this Court find that as jurisdiction, it should vacate the district court's order and find that our client stated a claim of deliberate indifference. For more than 13 months, Stephen Wilhelm suffered significant pain from his double inguinal hernia. His doctor knew that he had this condition, knew that it was causing him pain, and knew that only certain – Your Honor, we have two doctors here, Dr. Rotman and Dr. Schuster. I assume that your focus is on Dr. Rotman because Dr. Schuster simply made a diagnosis and there's not much of a showing of a deliberate indifference there, is there? Correct. Dr. Rotman's deliberate indifference case is a much more clearly established one than Dr. Schuster's. However, under this Court's precedent, Dr. Schuster – Wilhelm has alleged facts demonstrating that Schuster was aware of Wilhelm's condition and failed to treat it. Well, as I understood the allegations against Schuster, they really are a negligent misdiagnosis, which is not sufficient. What more is there here besides negligent misdiagnosis as to him? Now, I agree on Rotman, there's a whole different story. As to him, the obvious physical evidence of Wilhelm's condition indicates that he may have been aware of that condition and then simply wrote no hernia. Moreover, he failed to give any treatment whatsoever to his patient. He didn't – But that's because of the misdiagnosis. I mean, if you don't diagnose something, you don't treat the thing you didn't diagnose. It sort of follows, but how does that move from negligence to willful whatever? I would just say, in light of his own notes, in his handwritten notes, he noted that his patient had a broad bulge on his groin bilaterally and said that there was no hernia. It would seem like an easy out to get out of deliberate indifference by just saying – by writing in a note that this patient doesn't have the condition he complained of. Your Honors, unless you have any other questions, we'd like to reserve the remainder of our time. You may do so, Counsel. Thank you. We'll hear from – I'm not sure whether you are the State or a private attorney defending Dr. Rotman. No, Your Honor. I'm Vicki Whitney of the Attorney General's Office, representing the amicus Attorney General of the State of California. Right, because the – there is no appearance as such by the Attorney General. It's on an amicus basis. May – would you kindly explain what that's all about? Certainly. In the district court case below, there was never any service ordered of any of the defendants. And this court issued an order to our office asking us to enter appearance for briefing an argument for purposes of either representing one of the defendants or represent – being amicus counsel. And the Attorney General stepped in as amicus counsel on the issue solely related to the consent of the magistrate judge. In essence, we have no – So you have no position with respect to the activities of the two doctors involved? That's correct, Your Honor. Your Honor, the district court's judgment of dismissal in this case should be affirmed because Wilhelm voluntarily consented to the jurisdiction of the magistrate judge, both expressly and by implication. First – May I – I know it's early to ask for clarification, but your position would be equally served by finding – by not upholding the dismissal if we were to determine that there were a factual basis for the claim. In other words, agreeing with you on the magistrate question, but we still might not uphold the dismissal. You started by saying you want us to uphold the dismissal. Yes. And I should take that back for a moment. More specifically, the Attorney General's position is that the consent to the magistrate judge was voluntary and valid, and therefore this Court would then have jurisdiction to consider the merits of the dismissal itself. Okay. That is different than what you said, so I wanted to – Sorry. Okay. First, Wilhelm voluntarily consented to have a United States magistrate judge conduct all further proceedings in this case. As this Court has stated in Anderson v. Woodcreek very clearly, a general – as a general proposition, filing the signed form would provide a clear, unambiguous, and explicit expression of consent, and thus would suffice to confer magistrate jurisdiction under Section 636C. And that is what happened here. The consent form that Mr. Wilhelm filed in the record at ER 12, he checks – simply checks the box of consent to jurisdiction, and it indicates that the undersigned hereby voluntarily consents to a United States magistrate judge to conduct all further proceedings in this case. You heard my colloquy with counsel on the difference between the decline box and the consent box. Is that material? Is it legally relevant in any way? Well, it is legally relevant in the context of what this Court asked us to look at in the case, which are the two cases out of the Fifth and the Seventh Circuit, Mendez and Kalin. Those cases talked about assignment to a specifically named magistrate judge. And in those lines of cases, where the parties consent to a specifically named judge, magistrate judge, that consent doesn't necessarily follow upon reassignment of the case. But there are distinctions in those cases from the case at hand, which concern the fact that the reassignment in this case was by notice. It was the first action that happened after he filed the consent. In the other cases, there wasn't a consent form at all that was filed with respect to a or any judge. Here, the consent, the material term of the consent signed by Wilhelm indicates a magistrate judge, which then gives more broad designation for the cases to be reassigned to a different magistrate judge. However, even if this Court were to not look necessarily at the express consent signed by Wilhelm, before this Court in the opening brief, Mr. Wilhelm again signifies his express consent by in footnote one advising this Court that he is not appealing the judgment as to one of the three defendants in the case, Mr. Pierre. That in and of itself indicates that he expressly is consenting the jurisdiction of the Court, because you cannot piecemeal the jurisdiction. Is that a waiver of the right to consent or is it an implied consent? It's expressly, we believe, an express waiver of the consent. But even if it were to be considered an implied consent, the result is no different. Sotomayor, because you said, okay, if we go back and you say that there's a tribal issue, we aren't arguing that there are any issues with respect to this person, what's the difference? I don't see how you can get a waiver of the jurisdictional argument simply because they say we aren't bothering to challenge the merits of this one. Well, I think more to the issue and less of waivers, the fact that he's basically confirming that he consented to the jurisdiction of the magistrate judge below. I don't think you need to go there, personally. And we don't necessarily need to go there. But it is something that is noteworthy, because you cannot piecemeal that issue. The same order that dismissed Mr. Pierre is the same order that we're talking about with the other two defendants. Nonetheless, even if this Court were to determine that the consent was not to just broadly a magistrate judge, which would vitiate the later reassignment to Magistrate Cohen, the conduct of the litigant, of Mr. Rohl, following the reassignment under Rohl v. Withrow can imply or infer his consent to the judge. But what's your response to counsel's argument that not much happened after the reassignment, but only the permission or the issue about the amended complaint, and that there has to be lots of litigation and not just a little bit of litigation? Well, Your Honor, I think you have to look at Rohl v. Withrow. The Supreme Court there was very clear that the question before it was whether parties' consent can be inferred from a party's conduct during litigation, and the Court held that it can be. At no place in the Rohl decision did the Supreme Court say this is too little litigation to infer that consent, and here's the bright-line mark of where that consent can be inferred. In this case, just by the circumstances of the case, it was obviously a shorter period of time than going forward through discovery, summary judgment, and the like. That does not mean that the inferred consent cannot be implied here based on Rohl v. Withrow. And we would submit, Your Honor, that even in the case of Anderson, that this Court decided there was a very clear objection made by the pro se plaintiffs in that case in their filings. They very clearly said, we object to the magistrate judge's jurisdiction. That never happened here. Mr. Wilhelm went forward, not only not challenging the initial order that Magistrate Cohn issued screening out his complaint and giving him leave to amend, then he requested and received permission to file his extension of time to file a complaint. Well, in Rohl, it's the same magistrate, right? There weren't two different magistrates, were there? No, that's correct. It was one magistrate. And the issue there was, of course, whether one of the parties So it's not really controlling on the issue we have here, is when you consent to one magistrate and it's reassigned to somebody else, whether you impliedly consent to the second magistrate. Right. I would suggest, Your Honor, that a look at the case of Stivo v. Frasor, which came out of the Seventh Circuit following Kalin, and we do talk about it in our brief. In the Stivo case, it was more in line with what we have here, which is a reassignment of a magistrate judge to the excuse me, it was initially assigned magistrate judge, and then the case was later assigned to a second one. And in that case, again, based on the fact that there was an initial consent and that the parties were advised they could, they didn't have to consent, and the conduct of the parties in the litigation, the Seventh Circuit said that unlike in Kalin, in that circumstance where you've got one magistrate judge, the case is reassigned to a second, they still found that there was magistrate judge jurisdiction in that case. And I have the case here, but remind me of the theory. The theory was that implied consent? Yes, yes. Expressed consent. It was both expressed and implied. It was expressed based on the consent that was originally given in the form, and it was implied based upon the conduct of the parties after the reassignment to the second magistrate judge. So it was both, similar to this case. And unless the Court has any further questions for us, I think the position of the Attorney General's office, just in sum, is that we believe the form where it indicates consent was to a magistrate judge, and that the line of cases would say that that would be the case, most especially where there is conduct after the reassignment that really clearly indicates that the party is consenting by influence. Let me ask you, going back to the very beginning, if we were to agree with you but reverse with respect to the doctors, where does that leave the State? I see that I'm out of time. You may answer, please. Okay. Well, that leaves the State itself is actually not in the mix at that point, because what happens is the Court would then have to, I suppose, treat the order of the magistrate judge as findings and recommendations, and then it would go to a district judge for either confirming those or not adopting those. If they are adopted, then the case is still the same place, which is dismissed in its entirety with prejudice. I think you misunderstood the question. Oh, I'm sorry. If we, at least I have this question. I apologize. I agree you did misunderstand. I apologize. What we're trying to establish here is we agree with you on the magistrate. All right? So it's a valid order. Right. But we disagree with respect to dismissal of the doctors. In other words, we think they've stated a claim on the merits. Right. Well, I think then under your normal appellate jurisdiction, the Court can reverse and ask the magistrate judge to basically undo that order and go forward and find that then service would be appropriate on the particular defendants at issue, and then that service would be ordered. Okay. But I'm asking you the position of the State. You say you weren't served. That's correct. Could you still be served on remand? Well, the defendants could be served on remand. The State, again, the Attorney General doesn't have necessarily a dog in that battle, so to speak. But the defendants, of course, depending on what the Court does, could be served in that case. And recalling that at this point, no parent has been served. Isn't this a 1983 case? It is, yes. It would be the particular individual doctors that would get served or ordered served with the complaint, the operative complaint. All right. And at that point, then they would go forward, of course, to defend in whatever way is necessary. Very well. Does that hopefully answer? Okay. Thank you very much, counsel. Mr. Siegel or Ms. Single, who will you have about two minutes? Your Honor, if you have questions regarding the merits, I will cede my time to Mr. Siegel. But if I may just very quickly address the jurisdictional points that were made by our counsel. This is probably an irrelevant question, but I don't understand why you've even made this argument as opposed to just dealing with the merits. I'm not sure what your client hopes to gain. Your Honor, this Court instructed us to debrief the question on whether the district court had jurisdiction. Okay. So that answers that pretty definitively. That's one of the best arguments. That is absolutely the best answer of the day, without doubt. If I may just very quickly address the argument that there should be implied consent under rule here. There the amicus has cited no case where the litigation conduct was as limited as it is here, and the Court found. Well, what about Stiegel, Seventh Circuit? Your Honor, Stiegel is actually a very different case from ours. First of all, when there was a reassignment, there was a form there that informed the litigant of their right to decline consent upon reassignment to a different magistrate judge. We do not have anything similar here. In fact, the reassignment order does not make clear that the magistrate judge is acting pursuant to plenary or nonplenary jurisdiction. It does not advise Mr. Wilhelm whether that he has a right to decline consent. Was Magistrate Cohn the magistrate presiding when the First Amendment complaint was filed? Magistrate? No, Your Honor. I'm sorry. The First Amendment complaint was filed after the case was reassigned. After reassignment. That is correct. That is correct. And then also, Your Honor, in Stiegel, the parties proceeded through summary judgment. In this case, the other party did not even appear. They were not even served. The concerns of judicial efficiencies that come up in Stiegel and in cases like Roll just simply do not apply to our case. Very well. Thank you very much, counsel. The case just argued will be submitted. And on behalf of the Court, I want to express our appreciation to counsel and to student counsel for pro bono representation today. Appreciate it very much. Thank you. We will now hear argument in the ‑‑ if I hadn't already said it, the case formally argued will be submitted for decision.
judges: Schroeder, O'scannlain, Graber